UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

Samuel Haywood Myles,            Case No. 3:16-cv-01862

         Plaintiff

       v.            MEMORANDUM OPINION

Dennis Kersack, et al.,

         Defendants

On July 25, 2016, plaintiff *pro se* Samuel Haywood Myles filed this *in forma pauperis* action for writ of mandamus against the following officers and employees of the Volunteers of America ("VOA"): Dennis Kersack, Chief Executive Officer; Mike King, President; Darlene Mitchell, Director; and, Chad Aquillo, Case Manager. The Complaint's allegations are unclear, but suggest plaintiff is dissatisfied with a court decision from the Western District of Wisconsin. Plaintiff, who is a resident of a VOA halfway house, asserts defendants have violated his constitutional right to access to the courts.

Although *pro se* pleadings are liberally construed, *Boag v. MacDougall*, 454 U.S. 364, 365 (1982) (per curiam), the district court is required to dismiss an action under 28 U.S.C. § 1915(e) if it fails to

state a claim upon which relief can be granted, or if it lacks an arguable basis in law or fact.[1] *Neitzke v. Williams*, 490 U.S. 319 (1989); *Hill v. Lappin*, 630 F.3d 468, 470 (6th Cir. 2010).

A cause of action fails to state a claim upon which relief may be granted when it lacks "plausibility in the complaint." *Bell At. Corp. v. Twombly*, 550 U.S. 544, 564 (2007). A pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." *Ashcroft v. Iqbal*, 556 U.S. 662, 677-78 (2009). The factual allegations in the pleading must be sufficient to raise the right to relief above the speculative level on the assumption that all the allegations in the complaint are true. *Twombly*, 550 U.S. at 555. The plaintiff is not required to include detailed factual allegations, but must provide more than "an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678 (2009). A pleading that offers legal conclusions or a simple recitation of the elements of a cause of action will not meet this pleading standard. *Id.*

District courts have mandamus jurisdiction under 28 U.S.C. § 1361 "to compel an officer or employee of the United States or any agency thereof to perform a duty owed to the plaintiff." To obtain relief under § 1361, an individual must establish that he has a clear right to relief and that a federal employee has a clear, nondiscretionary duty to act. *See Heckler v. Ringer,* 466 U.S. 602, 616-17 (1984); *In re Bankers Trust Co.,* 61 F.3d 465, 469 (6th Cir.1995); *Ryon v. O'Neill,* 894 F.2d 199, 205 (6th Cir. 1990). Here, plaintiff seeks relief from private parties - not federal officers, employees, or agencies - and he does not assert a clear right to a nondiscretionary duty to act in any event.

Thus, even construing the Complaint liberally in a light most favorable to the plaintiff, *Brand v.*

---

[1] An *in forma pauperis* claim may be dismissed *sua sponte*, without prior notice to the plaintiff and without service of process on the defendant, if the court explicitly states that it is invoking section 1915(e) [formerly 28 U.S.C. § 1915(d)] and is dismissing the claim for one of the reasons set forth in the statute. *Chase Manhattan Mortg. Corp. v. Smith,* 507 F.3d 910, 915 (6th Cir. 2007); *Gibson v. R.G. Smith Co.,* 915 F.2d 260, 261 (6th Cir. 1990); *Harris v. Johnson*, 784 F.2d 222, 224 (6th Cir. 1986).

*Motley*, 526 F.3d 921, 924 (6th Cir. 2008), it does not contain allegations reasonably suggesting he might have a valid claim. Accordingly, plaintiff's request to proceed *in forma pauperis* is granted, and this action is dismissed under section 1915(e). I certify, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.

    So ordered.

                                             s/Jeffrey J. Helmick
                                             United States District Judge